UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 96-1082-CIV-NESBITT

RED MENDOZA,

Plaintiff,

vs.

BORDEN, INC. d/b/a Borden's Dairy,

Defendant.
_______________________________/

FILED Jan

**ORDER**

This cause comes before the Court upon Magistrate Judge Linnea R. Johnson's Report and Recommendation, entered September 11, 1997 (D.E. #70), regarding Defendant's Motion for Judgment for Attorney's Fees and Costs (D.E. #65).

Pursuant to 28 U.S.C. § 636(b)(1)(C), after a magistrate judge files a Report and Recommendation:

> [w]ithin ten days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

28 U.S.C. § 636(b)(1)(C). Therefore, objections to the Magistrate Judge's Report and Recommendation were due on September 26, 1997. On September 22, 1997 (D.E. #71) Defendant filed objections to the Magistrate's Report and Recommendation. Thus, this Court must review this matter de novo.

Upon a review of the entire file, the Court agrees with Magistrate Judge Johnson that attorney's fees should not be granted in the instant matter. Granting attorney's fees to a prevailing defendant from an unsuccessful plaintiff is an exception rather than the rule. See Moore v. National Ass'n of Secs. Dealers, Inc., 762 F.2d 1093, 1098 (D.C. Cir. 1985). Courts are reluctant to

#76 HL

grant attorney's fees where a plaintiff has a good faith belief in the merits of her discrimination claim, even though that belief is incorrect or self-ignorant. See Johnson v. Resources for Human Dev., 888 F. Supp. 689 (E.D. Pa. 1995).

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that

1. Magistrate Judge Linnea R. Johnson's Report and Recommendation, entered September 11, 1997 (D.E. #70) is **AFFIRMED in part and REVERSED in part.**

2. Defendant's Motion for Judgment for Attorney's Fees, filed June 11, 1997 (D.E. #65) is **DENIED.**

3. Defendant's Motion for Taxable Costs filed June 11, 1997 (D.E. #65) is **GRANTED.**[1] Defendant shall have and recover from Plaintiff Red Mendoza the amount of $7,084.35 as appropriate taxable costs pursuant to 28 U.S.C. § 1920.

**DONE** and **ORDERED** in Chambers, Miami, Florida, this 27 day of January, 1998.

LENORE C. NESBITT
UNITED STATES DISTRICT JUDGE

cc: Magistrate Judge Linnea R. Johnson
Ron Renzy, Esq.
Jon W. Zeder, Esq.

---

[1] Defendant requested leave to file detailed costs information in its Objections to Magistrate Johnson's Report and Recommendation. Magistrate Judge Johnson denied Defendant's Motion for Costs because Defendant stated the amount of costs in a conclusory fashion. As Defendant attached a detailed statement of taxable costs as Schedule A to Defendant's Objections, the Court finds that taxable costs should be granted in accordance with 28 U.S.C. § 1920 and Fed. R. Civ. P. 54(d). See D.E. #71.